No. 23,426.

FOSTER PERKINS and ROSE PERKINS, *Appellees,* v. E. B. SANDERS et al., *Appellants.*

### SYLLABUS BY THE COURT.

1. OIL AND GAS LEASE—*Time of Expiration.* An oil and gas lease examined, and *held* it expired by its own terms on a stated date, unless extended by production of mineral.

2. SAME—*Defendants Not Estopped to Insist on Expiration.* A general finding that the lessors were not estopped to insist on expiration of the lease according to its terms, was sustained by the evidence.

Appeal from Elk district court; ALLISON T. AYRES, judge. Opinion filed June 11, 1921. Affirmed.

*W. M. Barrett,* of Pratt, *John M. Madden, J. T. Butler,* and *J. T. Rogers,* all of Wichita, for the appellants.

*A. F. Sims,* of Howard, and *J. W. Blood,* of Wichita, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to cancel an oil and gas lease and to recover possession of the leased premises. The plaintiffs recovered, and the defendants appeal.

Two questions are presented, which the defendants state as follows:

"First: Did the lease by its own terms expire on the 20th day of October, 1920, unless oil or gas in paying quantities had been found upon said land?

"Second: If the lease did expire, were appellees estopped to secure a declaration of its termination and to evict appellants . . .?"

The first. question is answered by the lease itself, which was executed on October 20, 1917:

"It is agreed that this lease shall remain in force for a term of three years from this date, and as long thereafter as oil or gas, or either of them, is produced from said land by lessee."

The instrument further provided that if no well were commenced on or before October 20, 1918, the lease terminated unless a stipulated sum of money were paid. Commencement of a well might be deferred for additional periods by making

similar payments. If the first drilling resulted in a dry hole, the lease terminated, unless, within twelve months from the last rental period, payments were resumed. To secure development within a year, the lessors offered a bonus. No provision of the lease extended the term beyond three years, in the absence of production by the lessees within that period, and the first drilling was done on the last day of the term.

The second question is answered by evidence favorable to the plaintiffs, in two ways: first, the lessors said and did nothing to estop them from insisting on the terms of the lease; second, the defendants commenced their belated development work, relying, not on any inducement of the plaintiffs, but on successful maintenance of their contention that it would be sufficient to have the drill in the ground on October 20, 1920. The evidence was conflicting, and was open to some interpretation as to meaning. The conclusion of the trial court was well sustained.

The judgment of the district court is affirmed.